Justice Ginsburg,
concurring in part and concurring in the judgment.
As the Court points out, this is a case “about the RICO liability of a company for lost taxes it had no obligation to collect, remit, or pay.” Ante, at 17. New York City (or City) cannot, consistent with the Commerce Clause, compel Hemi Group, an out-of-state seller, to collect a City sales or use tax. See Quill Corp. v. North Dakota, 504 U. S. 298, 301 (1992); National Bellas Hess, Inc. v. Department of Revenue of Ill., 386 U. S. 753, 758 (1967). Unable to impose its tax on Hemi Group, or to require Hemi Group to collect its tax, New York City is attempting to use the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. § 1964(c), in combination with the Jenkins Act, 15 U. S. C. §§375-378, to overcome that disability.
Hemi Group committed fraud only insofar as it violated the Jenkins Act by failing to report the names and addresses of New York purchasers to New York State. There is no other grounding for the City’s charge that it was defrauded by Hemi Group. “Absent the Jenkins Act, [Hemi Group] would have owed no duty to disclose [its] sales to anyone, and [its] failure to disclose could not conceivably be deemed fraud of any kind.” New York v. Smokes-Spirits.com, Inc., *19 541 F. 3d 425, 460 (CA2 2008) (Winter, J., dissenting in part and concurring in part).
Because “the alleged fraud is based on violations of. . . the Jenkins Act,... the nature and consequences of the fraud are [properly] determined solely by the scope of that Act.” Id., at 459. But “conspicuously absent from the City’s pleadings is any claim brought pursuant to the Jenkins Act itself, rather than RICO, seeking enforcement of the Jenkins Act.” Id., at 460. The City thus effectively admits that its claim is outside the scope of the very statute on which it builds its RICO suit.
I resist reading RICO to allow the City to end-run its lack of authority to collect tobacco taxes from Hemi Group or to reshape the “quite limited remedies” Congress has provided for violations of the Jenkins Act, see ante, at 16, n. 2. Without subscribing to the broader range of the Court’s proximate cause analysis, I join the Court’s opinion to the extent it is consistent with the above-stated view, and I concur in the Court’s judgment.